UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARINA GORBATYUK et al.,

                Plaintiffs,

     v.

CHIPOTLE MEXICAN GRILL INC. et al.,

                Defendants.

CASE NO. 2:26-cv-01468-LK

ORDER GRANTING IN PART
AND DENYING IN PART
STIPULATED REQUEST TO STAY
CASE PENDING MEDIATION

This matter comes before the Court on the parties' Stipulation to Stay the Case Pending Mediation and to Reserve the Right to Remand. Dkt. No. 16. The parties "stipulate and agree to respectfully request that the Court stay all proceedings in this matter, including all deadlines, discovery briefings, and briefing schedules, and specifically including Plaintiff's deadline to file a remand motion, until after the parties' scheduled mediation on June 22, 2026." *Id.* at 1. The parties also agree to file a joint status report within 30 calendar days after mediation, "i.e., no later than July 22, 2026, which will inform the Court on the outcome of mediation and, if necessary, set forth a briefing schedule for Plaintiff's motion to remand." *Id.* at 1–2.

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED REQUEST TO STAY CASE PENDING MEDIATION - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because the short delay in proceedings will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice. If the parties resolve this matter through mediation, there will be significant savings of the parties' and the Court's resources. The Court thus STAYS the case schedule in this matter until July 22, 2026—30 days after the scheduled mediation.

However, the Court DENIES the parties' request to stay Plaintiff's deadline to file a remand motion. Dkt. No. 16 at 1. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" This is a "strict 30-day deadline" to raise issues with removal that are not jurisdictional, *Enbridge Energy, LP v. Nessel*, 146 S. Ct. 1074, 1084 (2026), and this Court has "no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal," *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995); *see also Feinstein v. First Republic Sec. Co., LLC*, No. 24-5823, 2025 WL 3295114, at *1 (9th Cir. Nov. 26, 2025) (Federal Rule of Civil Procedure 6(b)(1)(B) "does not

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED REQUEST TO STAY CASE PENDING MEDIATION - 2

allow the district court to enlarge 'time periods set out in statutes'"; thus, the district court properly denied a motion to remand filed after the 30-day deadline expired); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 616 (3d Cir. 2003) (reversing remand order because the district court "exceeded its statutory authority to remand under § 1447(c)" when it granted an untimely motion to remand based on a procedural defect in removal); Wright and Miller, 20 Fed. Prac. & Proc. Deskbook § 43 (2d ed. Apr. 2026 Update). "[T]he thirty-day period may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal." *Wright-Brown v. Santander Consumer USA Inc.*, No. CV-12-1099-PHX-GMS, 2012 U.S. Dist. LEXIS 90335, at *2 (D. Ariz. June 29, 2012) (quoting *Transp. Indem. Co. v. Fin. Trust Co.*, 339 F. Supp. 405, 407 (C.D. Cal. 1972)).[1]

No later than July 22, 2026, the parties shall file a joint status report informing the Court on the outcome of mediation and, if necessary, setting forth a proposed briefing schedule on any motion to remand based on lack of subject matter jurisdiction.

Dated this 22nd day of June, 2026.

Lauren King
United States District Judge

---

[1] The 30-day deadline is not applicable to motions to remand for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal.") (emphasis added). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Id.* (emphasis added). And without subject matter jurisdiction, this Court cannot issue a dismissal with prejudice, even if the parties stipulate to such dismissal following settlement.

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED REQUEST TO STAY CASE PENDING MEDIATION - 3